**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NATALIA ANDREA LOPEZ GUZMAN,** <br> **Petitioner,** <br> **v.** <br> **MARKWAYNE MULLIN *et al.*,** <br> **Respondents.** | § § § § § § § § § § | **NO. SA-26-CV-5156-OLG** |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Natalia Andrea Lopez Guzman's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 6). Upon review, the Court finds that the Petition must be and hereby is **DENIED** for the reasons below.

Petitioner entered the United States without inspection in 2024; was re-detained by immigration authorities on July 23, 2026; and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of her full removal proceedings. (Dkt. No. 1 at 4–5; Dkt. No. 4 at 6.) Petitioner challenges her detention as violating her right to due process.[1]

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now foreclosed Petitioner's constitutional bases for relief (*see* Dkt. No. 1 at 7–8), holding that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. *See* --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond

[1]Petitioner also asserts entitlement to habeas relief based on the Fourth Amendment. (*See* Dkt. No. 1 at 6–7.) This claim is **DISMISSED**. *See Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 (W.D. Tex. May 4, 2026) (explaining that an alleged Fourth Amendment violation "has no bearing on the legality of detention . . . during removal proceedings").

what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[2]

Accordingly, Petitioner's request for habeas relief (Dkt. No. 1) must be and hereby is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on November 12, 2026.

ORLANDO L. GARCIA
United States District Judge

[2]The Court notes that the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" *Sosnava-Rodriguez*, --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.* Accordingly, while it is not this Court's place to take that step, Petitioner may wish to consider presenting such an argument to the Fifth Circuit on appeal from this Order.